ALBERT SHIRA, DOING BUSINESS UNDER THE NAME AND STYLE OF MT. ROSE MOTEL, APPELLANT, v. COSGRIFF NEON COMPANY, INC., AND J. R. WARREN, RESPONDENTS.

No. 3931

January 21, 1958. 320 P.2d 426

*George Lohse & Leonard T. Howard,* of Reno, for Appellant.

*John S. Halley,* of Reno, for Respondent Cosgriff Neon Company, Inc.

*Bible & McDonald* and *Robert H. Moore,* of Reno, for Respondent J. R. Warren.

## OPINION

By the Court, MERRILL, J.:

This is an action for damages for breach of contract. Judgment for the plaintiff below (respondent Cosgriff) was rendered by the trial court sitting without a jury. Upon this appeal defendant Shira as appellant contends

that there is no evidence from which the trial court could have concluded that he was bound by contract.

The contract involved is in writing, designated as an "electrical advertising agreement." It relates to rental and maintenance of a neon sign placed upon the premises of the Mt. Rose Motel in Sparks, Nevada. It is dated November 5, 1951, and its term is for 60 months at $30 a month. It provides, in the event of breach, for acceleration of payment of the full amount due for the full term. The contract was signed by respondent Cosgriff as owner of the sign and by William R. Warren on behalf of the Mt. Rose Motel as user. William Warren is the son of respondent Warren, who was owner of the motel on November 5, 1951.

The trial court found, "That on December 1, 1951 the defendant, Albert Shira, purchased said Mt. Rose Motel and the business conducted therein from third party defendant, J. R. Warren, with full knowledge of said electrical advertising agreement and all the terms and conditions thereof and thereupon assumed said agreement, and on December 13, 1951 the defendant, Albert Shira, paid to plaintiff the sum of THIRTY ($30.00) DOLLARS, representing the payment due for the month of December, 1951 pursuant to said electrical advertising agreement; that no further payments have been made by defendant Albert Shira or any other person, and there is due and owing to plaintiff by defendant Albert Shira the sum of ONE THOUSAND SIX HUNDRED EIGHTY ($1,680.00) DOLLARS.

"That on January 5, 1952, pursuant to the provisions of said electrical advertising agreement, plaintiff notified defendant Albert Shira that the entire amount was then due and payable, to-wit: ONE THOUSAND SIX HUNDRED EIGHTY ($1,680.00) DOLLARS, by reason of his failure to perform the provisions and conditions of said agreement." Judgment against Shira was rendered accordingly.

An examination of the record discloses that there is no evidence to support the court's finding that appellant

Shira had knowledge of the agreement between Cosgriff and Warren and had assumed its terms. Both Warren and Shira testified that at the time of purchase Shira had no knowledge of any written contract. Warren advised Shira that the sign was the property of Cosgriff and that $30 a month was payable for rental and maintenance. This was the extent of Shira's understanding at the time of purchase. Never did Shira subsequently undertake any greater obligation. Two weeks after sale he discovered the written contract. He immediately called Cosgriff and in the course of two conversations repudiated the contract. An offer and counteroffer for outright sale of the sign were made, but neither was accepted by the other party. Shira notified Cosgriff to remove the sign. This Cosgriff failed to do. For 23 months Shira used the sign. When maintenance or repair was required he provided it himself.

We conclude that the finding that the contract was assumed by Shira is without factual support and that judgment based upon breach of express contract must fall. The use to which Shira put the sign may have given rise to rights in Cosgriff other than those dependent upon express contract. Upon this point no determination has been made by the trial court and the record is without appropriate findings of fact. In order that such determinations may be made a new trial is necessary.

Upon Shira's appeal from judgment in favor of Cosgriff, judgment is reversed with costs to the appellant and the matter remanded for new trial.

Shira has also appealed from the trial court's judgment in favor of Warren upon a third party complaint against Warren filed by Shira. The complaint was based upon allegations of misrepresentation and concealment by Warren which the trial court found not to be true. There is support for the trial court's determinations in this respect and to this extent the judgment must be affirmed.

Judgment against Shira in favor of Warren included an award of costs plus attorney fees in the sum of $250. Upon this appeal Shira contends that the award of attorney fees was unauthorized.

NRS 18.010 with reference to costs provides in part (subsection 2), "In cases in which: (a) The plaintiff does not seek recovery in excess of $1,000; or (b) The defendant does not seek a recovery in excess of $1,000; the court may, in its discretion, make an allowance of attorney fees to the prevailing party."

The recovery sought by Shira against Warren in his third party complaint was in excess of $1,000. He sought (1) $1,000 damages suffered by himself; (2) that Warren be held accountable to Shira for such judgment as might be rendered against Shira in favor of Cosgriff. The recovery sought being in excess of $1,000, allowance of attorney fees was not authorized.

Warren contends that since he himself did not seek any recovery he is entitled to attorney fees under paragraph (b) as quoted. That portion of the subsection, however, has reference to cases in which affirmative relief is sought by the defendant.

Upon Shira's appeal from judgment in favor of Warren, IT IS ORDERED that such judgment be modified to strike the allowance of attorney fees. As so modified, judgment is affirmed with no costs allowed.

BADT, C. J., and EATHER, J., concur.